## WEST LUMBER COMPANY *v.* MOORE.

No. 10287. August 13, 1934.

*J. D. McLamb* and *Jones, Fuller, Russell & Clapp*, for plaintiff in error.

*Houston White* and *Edwin Pearce*, contra.

Beck, P. J. Mrs. James Stanley (Effie Bush) Moore brought her petition against West Lumber Company and against Mrs. Maude C. Inglis, to have reformed a contract of sale and exchange of properties, entered into between petitioner and West Lumber Company, and to reform the deeds executed in pursuance of said contract. Petitioner alleges that in May, 1930, she executed her promissory note for $3000, payable to Mrs. Inglis, and to secure the same executed to Mrs. Inglis a loan deed to properties described and referred to as Nos. 3, 8, and 10, and more particularly described in the petition; that West Lumber Company, on October 17, 1931, encumbered certain property which it owned, being real estate known as 1272 North Highland Avenue, in the City of Atlanta, and more particularly described in the petition, with two loans, the first being for the principal sum of $5015, and the second for $260; that on the date last mentioned petitioner, through a real-estate agent, entered into a contract with West Lumber Company for the sale and exchange of the properties above referred to; that it was at that time the intention of both parties that they were to exchange the equities each had in the properties, and that each was to take the said property of the other and to assume the payment of the in-

debtedness standing against it; that by inadvertence the contract for the exchange of these properties failed to state the intention of the parties, inasmuch as in this contract, while it was stated that petitioner was to "assume a first loan of $5015.00, maturing Feb. 1, 1932, bearing interest at 6%, payable semi-annually, also a second loan of approximately $260.00," which were the outstanding loans against the property of West Lumber Company, it was merely stated that petitioner was to "give and exchange an equity in four lots and the triangle located at Stratford and Ivy Roads as per plat of Mrs. James Stanley Moore property, value of said lots being $10,000, and each lot having a first loan of $1,000.00 with interest at 8% per annum;" that both petitioner and West Lumber Company were represented in the procuring of this contract by a named real-estate agent who knew that the intention of both parties to the contract was that each party in making the exchange of the properties was to assume to pay the indebtedness standing against the property to be taken from the other; that George W. West, secretary and treasurer of West Lumber Company, knew at the time that this was the intention of both parties; that after the execution of the contract for the exchange of the properties, she requested her attorney to draw up a deed of her property to West Lumber Company in accordance with the terms of the contract, petitioner not knowing that the contract as written did not speak the true intent and understanding of the parties; that at the time the deeds were executed it was the intention of both herself and West Lumber Company that each was to assume to pay the indebtedness outstanding against the properties so taken by each in the exchange, and petitioner thought that the deeds were executed in accordance with that agreement and understanding, and did not know otherwise until called upon by attorneys for Mrs. Inglis to pay her note given for the loan which she had obtained before making the exchange of the properties. "Defendant West Lumber Company, in accordance with its said true agreement with your petitioner on October 17, 1931, and the deed executed in pursuance thereof, did become personally obligated in equity to pay the amount of said principal and interest of said loan of defendant Inglis, and has failed and refused to pay the same when due." And "petitioner remained personally obligated on said loan as a surety for said loan, and defendant West Lumber Company by virtue of said true agree-

ment with your petitioner became personally obligated to defendant Inglis as principal on said loan."

It was further alleged that Mrs. Inglis filed suit against petitioner on this note in the city court of Atlanta, but did not join West Lumber Company as a party defendant, that court having no equity jurisdiction; that West Lumber Company should pay the note, interest, and attorney's fees, and costs of suit; that unless the suit of Mrs. Inglis be consolidated with this suit and she be required to proceed against both this petitioner and the Lumber Company in a court of equity, petitioner will be unable to protect her rights to be exonerated of said obligation by defendant West Lumber Company to pay this loan in accordance with the true understanding of petitioner and that company. She prays that the suit of Mrs. Inglis in the city court be consolidated with this equitable suit; that Mrs. Inglis be enjoined from taking judgment against petitioner until the issues set out in the equitable petition be determined; that the contract for the sale and exchange of the properties, and the deed executed by petitioner in pursuance thereof, be so corrected and reformed as to speak the true intent of the agreement between petitioner and West Lumber Company; that petitioner have judgment against that company for the amount of principal, interest, attorney's fees, and costs with respect to said loans, the proceeds of said judgment to be applied in behalf of Mrs. Inglis.

Mrs. Inglis filed a general demurrer which was sustained, and the case was dismissed as to her. To that judgment there was no exception. West Lumber Company demurred generally on the ground that the petition did not state a cause of action either at law or in equity; and demurred specially to two paragraphs of the petition quoted above, on the ground that they constituted conclusions unsupported by any facts. The court overruled the demurrers, and the company excepted.

■ Where in an exchange of properties consisting of certain lots of land the parties made an agreement for the exchange or sale of the lands, and there were existing liens thereon, and it was agreed as a part of the contract that the transferee or vendee of the property should assume the obligation to pay the liens existing thereon, but by mutual mistake of the parties the agreement that the transferee or vendee would assume the payment of the liens upon the land sold or transferred was omitted from the contract when put in

writing, this written contract may be so reformed as to make it speak the real agreement between the parties, and the omitted stipulation may be inserted. Civil Code, §§ 4570, 4571, 4572, and cases cited under those sections relating to the reformation of contracts.

■ And where a deed is executed by one of the parties to the other, to finally carry out the contract referred to above, and the same stipulation as to the assumption of the existing liens was omitted from the deed by mutual mistake, the deed also may be reformed in the respect pointed out, so as to speak the real truth. If equity can reform the contract, it can also reform the deed. While equity may reform both the contract and the deed, the fact that the terms of the contract were omitted both in the contract and the deed may be considered by the jury in passing upon the question as to whether such terms were omitted by mistake or not. See the sections of the Code and citations therein referred to in the preceding paragraph.

■ The allegations in the petition were sufficient to make a case good as against a general demurrer, and the court did not err in overruling the general demurrer filed by the plaintiff in error. Nor did the court commit reversible error in overruling the special demurrers to certain paragraphs which were demurred to upon the ground that they stated conclusions of law; for even if these paragraphs were open to the objection, they are not of such character as to require a reversal of the judgment.

*Judgment affirmed. All the Justices concur.*